UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesse Vindiola,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br><br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. 1:22-cv-1451-GSA<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b)<br><br>(Doc. 20) |

Plaintiff's counsel Francesco Benavides seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b).

**I.    Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of up to 25% of the past due benefits awarded. The agreement also provides that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee.

Plaintiff filed a complaint in this Court on November 10, 2022, appealing the Commissioner's decision denying his application for benefits. After Defendant filed the Administrative Record the parties stipulated to remand the matter to the agency for further proceedings. Doc. 15.   Counsel was awarded EAJA fees in an amount of $6,360.67. Doc. 15. However, Plaintiff's counsel never received payment of attorney fees under the EAJA for this case because the debt was subject to treasury offset. See Decl. of Francesco Benavides; Exhibit 5: Notice of Treasury Offset

On remand the agency determined that Plaintiff was disabled and entitled to past due benefits of $46,515.25 (Fee Mot., ECF 20 at Ex. 1) from which the agency withheld 25% for potential payment to counsel. *Id.* at 3. Counsel seeks $4,428.00 from the amount withheld.

**II.    Legal Standard**

1

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

### III. <u>Analysis</u>

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely an order of remand, entry of judgment, and ultimately a substantial award of past due benefits. There is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance. The parties settled the matter before the case was briefed. Counsel's itemized bill reflects 27.9 hours of attorney time to prepare the complaint, review the administrative record, draft a summary judgment motion, and negotiate a settlement with defense counsel, which is a reasonable time expenditure for the performance of those tasks. Doc. 20-4.

     The effective hourly rate amounts to $158.70 per hour, which is well below the upper limit of reasonableness. *See Malta v. Comm'r of Soc. Sec.*, No. 1:18-CV-00415-CDB, 2024 WL 3618430, at *3 (E.D. Cal. Aug. 1, 2024) (collecting cases and finding that "hourly rate of $1,553.87 is within the upper boundaries of reasonableness."); *Coder v. Comm'r of Soc. Sec.*, No. 1:20-cv-00497-CDB, 2024 WL 1742026, at *3 (E.D. Cal. Apr. 23, 2024) (reducing de facto hourly rate of $3,532.87 to $1,500.00 per hour); *Reyna v. Comm'r of Soc. Sec.*, No. 1:22-CV-00484-SAB, 2024 WL 4453046, at *2 (E.D. Cal. Oct. 9, 2024) (approving de facto hourly rate of $1,326.57 per hour); *Langston v. Saul*, No. 1:18-CV-00273-SKO, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) ($1,453.42 per hour).

     This award would by no means amount to a windfall. Matters pursuant to section 406(b) the lodestar is merely a guidepost, and a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

     The $4,428.00 total amount is also consistent with total contingent fee awards granted under section 406(b). *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

     Considering the character of the representation, the result achieved, and the fee amounts awarded in similar cases, the request here is reasonable.

     Accordingly, it is **ORDERED** as follows:

1.     Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 20) is granted.

2.     The Commissioner shall certify a payment of a gross award in the amount of $4,428.00 to: Francesco Benavides.

IT IS SO ORDERED.

Dated:   **July 1, 2025**          **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE